# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DISTRICT

| | |
|---|---|
| **KENDREAL GRAHAM,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) NO. 4:18 CV 1580 HEA |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the court on Motion to Produce Affidavit [Doc. #4] filed on January 2, 2019. No opposition has been filed by Petitioner and although the Respondent has requested Defense Counsel provide such affidavit addressing the issues raised by Petitioner, no affidavit has been filed. Upon review of the filings and issues presented the Motion to Produce will be granted.

## BACKGROUND

Petitioner filed a motion for post-conviction relief pursuant to 28 U.S.C §2255. [Doc. #1]. Petitioner alleges ineffective assistance of counsel from Assistant Federal Public Defender Diane Dragan at various stages of her representation.

Petitioner alleges that she instructed Ms. Dragan to file a notice of appeal on her behalf, but Ms. Dragan failed to do so. It is also alleged she was

threatened by Ms. Dragan to plead guilty and promised by Ms. Dragan that she would only serve a term of seven years imprisonment if she did. Petitioner goes on allege that Ms. Dragan did not allow her to review the discovery produced by the United States. The nature of the allegations necessarily relate to conversations that would otherwise be shielded by the attorney-client privilege.

## **DISCUSSION**

Petitioner has waived her right to assert her attorney-client privilege with regard to her allegations of ineffective assistance of counsel in her Section 2255 motion. *See Hunt v. Blackburn*, 128 U.S. 464, 470-471 (1888); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (Attorney-client Aprivilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications.@); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986). A defendant waives attorney-client privilege when she makes

> an attack . . . upon [her] attorney's conduct which calls into question the substance of their communications. A client has a privilege to keep [her] conversations with [her] attorney confidential, but that privilege is waived when a client attacks [her] attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to [her] attorney that raises the specter of ineffectiveness of incompetence. . . . Surely a client is not free to make various allegations of misconduct or incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege. Such an incongruous result would be inconsistent with the object and purpose of the attorney-client

> privilege and a patent perversion of the rule. When a client calls into public question the competence of [her] attorney, the privilege is waived.

*Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) (citations omitted). *See also United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (holding that defendant "waived the attorney- client privilege when [defendant] asserted he should be able to withdraw his guilty plea based on the erroneous advice of his appointed counsel") (citation omitted).

Here, the claims by Petitioner clearly implicate privileged communications and require an examination of the communications which would be subject to the privilege. Therefore, the privilege is waived.

As noted by the Government an evidentiary hearing could be conducted relative to the allegations made by Petitioner, but Athe >missing= information can be obtained more expeditiously by requiring [her] former defense attorney[] to provide [an] affidavit[] responding to the allegations raised in [her] '2255 motion.@ *Wright v. United States*, 2008 WL 4276206 (D. Del., Sept. 17, 2008); *see also United States v. Adejumo*, 2015 WL 4920000 (D. Minn., Aug. 18, 2015) (rejecting defendant's argument that waiver extends only to testimony at an evidentiary hearing and holding defense counsel is permitted to reveal relevant attorney-client communications in an affidavit).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Produce Affidavit [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that Assistant Public Defender Diane Dragan is hereby ordered to produce, within 14 days of the date of this order, an affidavit addressing those claims of ineffective assistance of counsel relating to communications to and between counsel and Petitioner as enumerated in the Petition for relief [Doc. #1].

Dated this 8th day of March, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE