UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENDREAL GRAHAM, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| vs. | ) Case No: 4:18CV1580 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion pursuant to the Court's Show Cause Order. For the reasons set forth below, the Motion to Vacate is denied.

### FACTUAL HISTORY

The factual history of this matter is set out in the plea agreement, in the record, and by respondent in its response.

### PROCEDURAL HISTORY

On September 28, 2016, a grand jury charged Graham and co-defendant Deshawn Denton ("Denton") with two counts of carjacking, in violation of 18 U.S.C. §§ 2119 and 2 (Counts One and Three); two counts of brandishing a firearm in furtherance of the carjackings set forth in Count One and Two, in violation of 18

U.S.C.§ 924(c) and 2 (Counts Two and Four); one count of kidnapping, in violation of 18 U.S.C.§§ 1201(a)(1) and 2 (Count Five); and one count of brandishing a firearm in furtherance of the kidnapping, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Six).

On October 21, 2016, Movant filed a written waiver of her right to file pre-trial motions. On November 2, 2016, Movant appeared before Judge Patricia L. Cohen for a waiver hearing.

On June 14, 2017, Movant filed a letter with the Court complaining that she believed defense counsel Diane Dragan was not acting in her "best interest." Movant stated that she felt pressured to sign the proposed guilty plea agreement with the government because the prosecutor was unwilling to negotiate further. Movant added she believed Ms. Dragan was not communicating her concerns to the prosecutor.

On June 20, 2017, the undersigned held a hearing on Movant's letter. Ms. Dragan explained that, as a courtesy, the prosecutor met with Movant prior to the hearing and explained the parties' negotiations. Ms. Dragan further advised that Movant did not wish to move for appointment of a new attorney; Movant wanted the case set for a change of plea hearing. The Court then confirmed with Movant what Ms. Dragan had said was correct.

On July 11, 2017, Movant appeared before the Court for a change of plea hearing. Pursuant to a Guilty Plea Agreement (the "Agreement"), in exchange for Movant's voluntary plea of guilty to Counts Two and Five of the indictment, the government agreed to dismiss Counts One, Three, Four, and Six at the time of sentencing. The parties further agreed that "as a result of the parties' negotiations, the parties jointly recommend that, based upon the unique facts and circumstances of this matter, an appropriate sentence in this matter to be imposed upon defendant is 180 months imprisonment; that is, a term of 96 months imprisonment under Count Five and a term of 84 months imprisonment under Count Two which is to be imposed consecutive to Count Five's sentence." The Court accepted the Agreement, finding that Movant was entering into the plea knowingly and voluntarily.

Movant appeared for sentencing before the Court on November 9, 2017. During allocution, Movant indicated that she was there to accept responsibility for what she had done so that she could put this behind her.

Movant was sentenced to a term of 84 months imprisonment on Count Two to run consecutively to a term of 71 months imprisonment on Count Five, for a total of 155 months imprisonment. The Court also imposed a period of three years supervised release to follow.

At the conclusion of the hearing, the Court advised Movant of her rights to appeal the sentence of conviction.

## CLAIMS FOR RELIEF

Movant sets out the grounds for relief in her Motion: Counsel was ineffective for failing to file a notice of appeal; counsel was ineffective for making promises about the length of sentence Movant would receive from the Court; counsel was ineffective for failure to argue the prosecutor withheld exculpatory evidence; actual innocence. As to each claim, Movant asks the Court to "see memorandum attached," however, Movant did not attach a memorandum to her motion.

## STANDARDS FOR RELIEF UNDER 28 U.S.C. §2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'"

4

*United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

## RIGHT TO EVIDENTIARY HEARING

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

"The standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.E.2d 674 (1984), provides the framework for evaluating [Movant's] ineffective-assistance-of-counsel claim." *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014). [Movant] "must show that his

5

> counsel's performance was deficient and that [he] suffered prejudice as a result" to prove a violation of his Sixth Amendment rights. *Id*.
>
> "Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011) (internal quotation omitted). "*Strickland* sets a 'high bar' for unreasonable assistance." *Love*, 949 F.3d at 410 (quoting *Buck v. Davis*, 137 S. Ct. 759, 775 (2017)). Only a performance "outside the wide range of reasonable professional assistance" is constitutionally deficient. *Id.* (internal quotation omitted). "We make every effort to eliminate the distorting effects of hindsight and consider performance from counsel's perspective at the time." *Id.* (internal quotation omitted).
>
> "Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Bass*, 655 F.3d at 760 (quoting *Strickland*, 446 U.S. at 694).

*O'Neil v. United States of Am.*, 966 F.3d 764, 770-71 (8th Cir. 2020).

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires

6

a "showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment". *Id.* Review of counsel's performance by the court is highly deferential, "and the Court presumes counsel's conduct falls within the wide range of reasonable professional assistance". *Id.* The court does not second-guess trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury". *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

7

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial". *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Ground One**

Movant claims counsel was ineffective for failing to file a direct appeal. In support of this claim, Movant states that "he [sic] explained that because I waived my right to file an appeal, [she] would not be afforded the opportunity. Despite the appeal waiver, a notice of appeal should have been filed."

Where the alleged ineffective assistance of counsel involves failing to file a notice of appeal, the *Strickland* standard has been modified. "[C]ounsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of § 2255." *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002) (internal quotations and citation omitted). Where this occurs, prejudice is presumed, so the Court need not conduct an analysis regarding the prejudice prong of the *Strickland* standard. *Watson v. United States*, 493 F.3d 960, 963-64 (8th Cir. 2007).

8

Movant first claims counsel "should have filed an appeal." Nowhere in her Motion does Movant claim she specifically asked counsel to do so. For Movant to succeed, "[s]he must show that [s]he made [her] desire to appeal evident to [her] attorney." *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002). "A bare assertion by the petitioner that [she] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id.* (quoting *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000).

Movant does not claim that she asked counsel to file a notice of appeal. Indeed, the record establishes that at the time of sentencing, the Court advised Movant of her right to file an appeal, even though that right had been modified by the plea agreement and Movant's guilty plea. The Court specifically advised Movant:

> COURT: You may appeal the sentencing and judgment in this case, but you have to do it within 14 days of today's date. If you do not file your notice of appeal before the 14 days runs out, then you will have given up your right to appeal the sentence and judgment.
>
> If you cannot afford to pay the cost of filing the notice of appeal, you may request that the cost be waived. And if, in fact, the costs are waived, then the Clerk of the Court will file the notice of appeal free of charge on your behalf.
>
> You may appeal the sentence and judgment where you feel or believe that it violates the law in some fashion, is otherwise contrary to the law, or if you believe that it is void or voidable in some fashion on its face.

9

> By virtue, however, of your written plea agreement and your plea on the record consistent with that, you have, in fact, given up all your rights to appeal. Any rights that you've preserved that seem appeal-like are limited to ineffective assistance of counsel and prosecutorial misconduct and that would be by and through the process of a writ of habeas corpus.
>
> Okay? Do you understand your rights of appeal as I've described them to you?
>
> GRAHAM: Yes, sir.
>
> COURT: Do you have any questions?
>
> GRAHAM: No.

S. Tr., pp. 10-11.

On September 14, 2018, Movant filed this § 2255 motion for post-conviction relief.

Movant has presented nothing beyond her bare assertion that counsel "should have" filed an appeal. In her affidavit, counsel avers she fully explained the right to appeal to Movant and she fully explained the appeal waiver provisions in the plea agreement prior to entry of her plea and after sentencing. Counsel avers that no appeal was requested of her, and after that conversation, Movant wrote a letter to the Court indicating she wished to file a § 2255 Motion after sentencing.

Counsel's affidavit is consistent with the record and actually consistent with Movant's statement in her motion that counsel "should have" filed an appeal. Movant entered her guilty plea under oath, indicating she sought an end to judicial

10

proceedings. Movant's conduct after sentencing does not support her claim that she had any interest in appealing his case. Although the Court expressly advised Movant of her right to appeal within fourteen days, Movant took no action in this case. Movant's bare assertion that an appeal should have been filed does not rise to the level of asking her counsel to file an appeal with the result that counsel failed to do so. The Court finds no support for Movant's claim that his counsel was deficient for failing to file a notice of appeal when she was not requested to do so.

**Ground Two**

Movant argues that counsel was ineffective for making promises to Movant and her family about the length of sentence she would receive from the Court once she negotiated.  Movant claims her plea was not knowing and voluntary. Movant sent a letter to the Court on June 14, 2017 in which she claimed counsel was not acting in her own interests.  She claimed to feel pressured to enter into the plea agreement because the prosecutor was unwilling to negotiate further. The record belies Movant's claims. The Court held a hearing on June 20, Counsel explained at the hearing that the prosecutor met with Movant prior to the hearing as a courtesy and explained to Movant that the government's position regarding negotiations would likely not change with a different defense attorney.   The Court questioned Movant extensively at this hearing about her desire to move forward, her satisfaction with defense counsel, and her conversation with the prosecutor.

11

Movant advised the Court she was not confused and that she understood what was going on with her case.

At that hearing, counsel announced that Movant wanted to set the case for a change of plea hearing and did not wish to move for new counsel.

In the Plea Agreement, Movant acknowledged her rights and her understanding of same. During the plea hearing, Movant admitted under oath that she was satisfied with counsel, that there were no witnesses her lawyer failed to contact or investigation that she asked her to perform. The Court further explained Movant's rights. She acknowledged that she understood those rights at the time and that she had no further questions. Indeed, Movant confirmed that she had discussed the range of punishment with counsel and had no further questions about it. Movant expressed no dissatisfaction with counsel's explanation of her rights. The parties originally discussed a sentence of 180 months-96 months for Count Five and 84 months for Count Two. Moreover, the Court explained to Movant that regardless, the sentence would ultimately be the decision of the Court. Movant admitted, after all of the discussion regarding the plea that she was entering the plea knowingly and of her own free will. Movant admitted that the facts as stated were true and correct and that she had in fact committed the crimes charged. This ground will be denied.

**Ground Three**

Movant claims counsel was ineffective for failing to provide her with discovery. Again, the record belies Movant's claim. The Court's colloquy with Movant included questions about the investigation of the case and whether counsel failed to do anything requested of her, failed to contact witnesses on her behalf or failed to do anything else Movant thought she should do. Movant admitted that she had reviewed the evidence against her, both to the Court and in the Plea Agreement. Ground Three will be denied.

**Ground Four**

Movant claims that she is actually innocent. This ground is meritless. A claim of actual innocence must be based on "new evidence," and must convince the Court that "it is more likely than not that no reasonable juror would have found [movant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). *See also Embrey v. Hershberger*, 131 F.3d 739, 741 (8th Cir. 1997) (applying *Schlup* actual innocence standard in the context of a § 2255 motion), cert. denied, 525 U.S. 828 (1998). Movant has presented no new evidence of her actual innocence. Indeed, in her plea, Movant admitted that all of the facts presented by the government were true and correct and that she was guilty of the crimes charged. Movant relies on the victims' statements to the police to attempt to establish "actual innocence." These statements are by no means "new evidence" as they were available prior to Movant's guilty plea. Additionally, other than her

13

claim, Movant has presented nothing to establish any evidence of her claim of actual innocence. Notwithstanding the lack of new evidence, Movant's claim is clearly barred by her knowing appeal waiver. Ground Four is denied.

**Amended Motion**

Movant has filed, without leave of Court, a supplement to her motion and an "Amended" Motion to Vacate. Movant attempts to argue she is entitled to relief based on *Davis v. United States*, ___ U.S. ___, 139 S.Ct 2319 (2019). In *Davis*, the Supreme Court dealt with the constitutionality of the "residual clause" of 18 U.S.C. § 924(c)(3)(B), which defines a crime of violence as "an offense that is a felony" and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 139 S. Ct. at 2324. Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court determined that § 924(c)(3)(B) was unconstitutionally vague. *Id*. at 2336. The Supreme Court explained "that the imposition of criminal punishment can't be made to depend on a judge's estimation of the degree of risk posed by a crime's imagined ordinary case." *Id*. at 2326. The statutory text of § 924(c)(3)(B), however, "commands" a categorical approach, which threatens "to hand responsibility for defining crimes to relatively unaccountable police, prosecutors,

and judges, eroding the people's ability to oversee the creation of the laws they are expected to abide." *Id*. at 2326, 2328.

While *Davis* found 18 U.S.C. § 924(c)(3)(B) unconstitutional, it is unclear why movant believes this is helpful to her case. As noted above, movant pleaded guilty to a crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *Davis* struck down the definition of "crime of violence" found in 18 U.S.C. § 924(c)(3)(B). Even assuming Movant could supplement and/or amend her Motion, she would not be entitled to relief.

## CONCLUSION

For the reasons discussed above, the motion under 28 U.S.C. § 2255 is denied as to all claims.

## CERTIFICATE OF APPEALABILITY

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See*

15

*Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Having thoroughly reviewed the record in this case, the Court finds that Movant has failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Accordingly, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. No. 2], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a

federal constitutional right.

A separate judgment is entered this same date.

Dated this 24th day of September, 2021.

                                                _____
                                                HENRY EDWARD AUTREY
                                                UNITED STATES DISTRICT JUDGE